UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
DEBORAH GLUCK
on behalf of herself and
all other similarly situated consumers

                            Plaintiff,


            -against-


CAPITAL MANAGEMENT SERVICES, L.P.

                            Defendant.

--------------------------------------------------------

# CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Deborah Gluck seeks redress for the illegal practices of Capital Management Services, L.P. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Buffalo, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

7.  This is an action for, statutory damages, injunctive relief, declaratory judgment, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive deceptive and unfair practices.

8.  According to 15 U.S.C. § 1692:

    a)  There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy;

    b)  Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts;

    c)  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce;

    d)  The FDCPA requires debt collectors identify themselves as such in all messages to prevent consumers from being tricked into communicating with debt collectors regarding a debt.

9.  Plaintiff also seeks injunctive relief and declaratory relief. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

10.    As a result of the violations of the FDCPA, Defendant is liable to Plaintiff and the class for declaratory judgment that Defendant's conduct violated the FDCPA, and actual damages, statutory damages, and costs and attorney's fees.

### Jurisdiction and Venue

11.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Deborah Gluck

13.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

14.    The Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").  Such collection practices include, inter alia:

    (a)    Leaving messages for consumers, which fail to provide meaningful disclosure of Defendant's identity;

    (b)    Leaving messages for consumers, which fail to disclose that the call is from a debt collector; and

    (c)    Leaving messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

15.    The FDCPA requires debt collectors identify themselves as such in all messages to prevent consumers from being tricked into communicating with debt collectors regarding a debt. The United States and Congress have found that:

[T]his regulation directly advances the governmental interest of preventing abusive or deceptive debt collection practices such as anonymous telephone messages. Congress has specifically declared the prohibited activity of failing to make the necessary disclosures as inherently misleading. "The argument is that prohibiting debt collectors from leaving anonymous messages directly advances the governmental interests because allowing a debt collector to leave such messages could result in consumers being tricked into calling back and being forced to communicate with the debt collector, which could be an abusive practice since some consumers prefer written contact or to have an attorney or other representative engage in discussions with the debt collector on the consumer's behalf."…"Requiring a debt collector to identify itself as such appears to be a direct and narrow method of preventing consumers from being tricked into communicating with debt collectors regarding a debt. Furthermore, debt collectors have several forms of communication available to them in their efforts to collect a debt, including live conversation over the telephone, in person communication, and the mail. The FDCPA is no more extensive than necessary to achieve the asserted governmental interests of preventing abusive or deceptive debt collection practices such as anonymous telephone calls."
Mark v. J.C. Christensen & Assocs., 2009 U.S. Dist. LEXIS 67724, 26-27, 2009 WL 2407700 (D. Minn. Aug. 4, 2009).

16.    To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct.  15 U.S.C. § 1692e(1) (16). Among the per se violations prohibited by that section are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

17.     By way of limited example only, on or about December 7, 2015, Defendant Capital Management Services, L.P., a debt collector, attempted to contact Plaintiff by telephone in an effort to collect a debt; this was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). Defendant, a representative of Capital Management Services, L.P. by the name of Tameaka Cawthon left a message for the Plaintiff requesting a call back to the Defendant stating:

Name is Tameaka Cawthon, callback number is (877) 242-1372, calling from Capital Management Services.

18.     At the time Plaintiff received the said messages, she did not know the identity of the caller.

19.     At the time Plaintiff received the said messages, she did not know that the caller was a debt collector.

20.     At the time Plaintiff received the said messages, she did not know that the call concerned the collection of a debt.

21.     Each of the messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

22.     Defendant Capital Management Services, L.P. as a matter of pattern and practice, leaves anonymous telephone messages for consumers which in effect trick consumers into calling back and being forced to communicate with the debt collector.

23.     Defendant Capital Management Services, L.P.'s anonymous telephone messages mislead consumers into thinking that the message could reasonably pertain to a host of issues - including family or medical matters - which may be viewed by consumers as much more pressing, than a debt owed. The apparent purpose of these messages is to be vague enough to provoke the recipient to return the calls in haste. Leaving a message that deceptively

entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent.

24.     A message leaving any information concerning a debt is a "communication." 15 U.S.C. § 1692a(2). "Any information" is construed broadly in favor of consumers and includes a callback number or a reference number.[1]

25.     Defendant Capital Management Services, L.P., failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that the communication was from a debt collector or that the Defendant was attempting to collect a debt.[2]

26.     The only way for Plaintiff and/or any least sophisticated consumer to obtain the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages, was to place a return call to the telephone number provided in the messages and speak with a debt collector employed by Capital Management Services, L.P., and to provide the debt collector with personal information.

27.     Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

---

[1] Halberstam v. Global Credit & Collection Corp., 2016 U.S. Dist. LEXIS 3567 (E.D.N.Y. Jan. 11, 2016) (Nothing permits the debt collector to leave a response with the third party that will induce the debtor to call him back. With the very limited authorized contact with third parties allowed by the statute, it is hard for me to see why [Defendant's representative] thought he could leave a call back number. The arguments defendant has advanced seem quite transparent.), Edwards v. Niagara Credit Solutions, Inc., 586 F. Supp. 2d 1346 (N.D. Ga. 2008). aff'd by Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 2009 U.S. App. LEXIS 22500, 22 Fla. L. Weekly Fed. C 179 (11th Cir. Ga. 2009.  (It is a communication whether it is from a conversation directly between a consumer and a debt collector or indirectly, such as by a message left on a telephone answering device, or with a third party.), Foti v. NCO Financial Systems, Inc., 424 F.Supp.2d 643 (S.D.N.Y. 2006).(infra), Wideman v. Monterey Fin. Srvs., Inc., 2009 U.S. Dist. LEXIS 38824 (W.D.Pa May 7, 2009) (Same), West v. Nationwide Credit, Inc., 998 F. Supp. 642, 643 (W.D. N.C. 1998) (Same), Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410, 5 (M.D.Fla., 2006) (Same).

[2] See Sclafani v. BC Servs., Inc., No. 10-61360-CIV, 2010 U.S. Dist. LEXIS 115330, 2010 WL 4116471, at *3 (S.D. Fla. Oct. 18, 2010.) ("If [the defendant] could not leave voice messages that simultaneously complied with the multiple applicable provisions of FDCPA, it should not have left the offending voice messages."), Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 2009 U.S. App. LEXIS 22500, 22 Fla. L. Weekly Fed. C 179 (11th Cir. Ga. 2009.) (The United States Court of Appeals for the Eleventh Circuit stated "In an oft-repeated statement from the Vietnam War, an unidentified American military officer reputedly said that "we had to destroy the village to save it." That oxymoronic explanation may be apocryphal, but the debt collection agency in this case offers up much the same logic to explain why it violated the Fair Debt Collection Practices Act: it was necessary to violate the Act in order to comply with the Act…"[I]f [the debt collector's] assumption is correct, the answer is that the [FDCPA] does not guarantee a debt collector the right to leave messages.")

28.    All of the above-described collection communications made to Plaintiff by Defendant Capital Management Services, L.P. and other collection employees employed by the Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692e(11), and 1692f, amongst others.

29.    Leaving "Anonymous Telephone Messages" in any form are in violation of the FDCPA whether the anonymous telephone message is left during a conversation directly between a consumer and a debt collector or indirectly, such as an Anonymous Telephone Message left on a telephone answering device, or with a third party.[3]

30.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

31.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

32.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

33.    Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

34.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

---

[3] See Leyse v. Corporate Collection Servs., (2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006) ("The FDCPA requires debt collectors identify themselves as such in all messages to prevent consumers from being tricked into communicating with debt collectors regarding a debt. Anonymous telephone messages mislead consumers in to thinking that the message could reasonably pertain to a host of issues - including family or medical matters - which may be viewed by consumers as much more pressing, than a debt owed. The apparent purpose of these messages is to be vague enough to provoke the recipient to return the calls in haste. Leaving a message that deceptively entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent.")

35.    Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

36.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

37.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

38.    As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.***

39.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty eight (38) as if set forth fully in this cause of action.

40.    This cause of action is brought on behalf of Plaintiff and the members of a class.

41.    The class consists of all persons whom Defendant's records reflect resided in New York who received telephonic messages from Defendant within one year prior to the date of the

within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a the consumer's home or similar party seeking payment of a consumer debt by leaving a message for the Plaintiff; and (b) the Plaintiff asserts that the telephone message was in violation 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692e(11), and 1692f.

42.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A.   Based on the fact that form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C.   The only individual issue is the identification of the consumers who received such telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of the Defendant.

    D.   The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E.   The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

43.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the

FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

44.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

45.     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### Violations of the Fair Debt Collection Practices Act

46.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

47.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

    A.  Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 26, 2016


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)